UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.:

HUGO LALLEMAND,

    Plaintiffs,

vs.

CUSHMAN & WAKEFIELD, INC a New York corporation and C & W FACILITY SERVICES INC., a Massachusetts corporation,

    Defendants.
_____/

## COMPLAINT

Plaintiff, HUGO LALLEMAND, (hereinafter "LALLEMAND" or "Plaintiff"), sues Defendants, CUSHMAN & WAKEFIELD, INC (hereinafter "C&W" or "Defendant") and C & W FACILITY SERVICES INC. (hereinafter "C&W SERVICES" or "Defendant"), and states:

1. LALLEMAND brings this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., (hereinafter "the Act") to recover unpaid back wages, and an additional equal amount as liquidated damages, reasonable attorneys' fees and costs.

2. Jurisdiction of this action is conferred upon the court by section 16 (b) of the Act, 29 U.S.C. § 216 (b).

3. All acts or omissions giving rise to this dispute took place in the Southern District of Florida.

## PARTIES

4. LALLEMAND, is an individual, a resident of Miami-Dade County, Florida, and was an employee of C&W from in or about 2003 through in or about September 2018.

5. At all times material to this Complaint, LALLEMAND was an employee of C&W and C&W SERVICES who was non-exempt from the overtime provisions of the Act.

6. C&W is a New York corporation doing business in Miami-Dade County, Florida at all times relevant to this Complaint.

7. C&W SERVICES is a Massachusetts corporation doing business in Miami-Dade County, Florida at all times relevant to this Complaint.

8. LALLEMAND was engaged in commerce or the production of goods for commerce within the meaning of Section 3(b) and (j), respectively, of the Act, 29 U.S.C. § 203(b) and (j), while working for C&W and C&W SERVICES at all times material to this Complaint.

9. Upon information and belief, C&W's gross revenues for each year since 2016 exceeded $500,000.

10. Upon information and belief, C&W SERVICES's for each year since 2016 exceeded $500,000.

11. Upon information and belief, C&W and C&W SERVICES regularly orders goods and materials that come from outside the State of Florida.

12. By reason of the foregoing, C&W and C&W SERVICES were during all times hereinafter mentioned, each an enterprise engaged in commerce or in the production of goods for commerce as defined in Section 3(r) of the Act, 29 U.S.C. § 203(r) and 203(s). Plaintiff worked for both entities.

## FACTUAL ALLEGATIONS

13. Plaintiff worked for both Defendants providing cleaning and janitorial services to banks in the South Florida area.

14. LALLEMAND began working for C&W and C&W SERVICES on or about 2003.

15. Prior to November 2017, Plaintiff was paid on an hourly basis but was not paid overtime.

16. On or about November 13, 2017 C&W and C&W SERVICES offered LALLEMAND a higher position and to be paid a salary.

17. LALLEMAND was supposed to work as an account manager. However, he spent most of his timer doing manual labor tasks such as cleaning and janitorial services.

18. Plaintiff often worked more than forty (40) hours per week but was not paid time and half for those hours worked over forty (40) hours per week.

## COUNT I -- VIOLATION OF FAIR LABOR STANDARDS ACT
### (FAILURE TO PAY OVERTIME WAGES)

19. Federal law, 29 U.S.C. §207(a)(1), states that "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at a rate of at least one and a half times the employee's regular rate."

20. At all times since the three years preceding the filing of this Complaint, C&W and C&W SERVICES willfully employed Plaintiff in the aforesaid enterprise, in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce as described above, for many workweeks longer than 40 hours, and failed and refused to compensate Plaintiff for such work in excess of 40 hours at rates not less than one and one-half times the regular rate at which he was employed, contrary to the provisions of Section 7(a) of the Act, 29 USC § 207(a).

21. Defendants are employers under the Act.

22. Defendants willfully and intentionally failed to pay Plaintiff the statutory overtime rate as required by the laws of the United States as set forth above and remains owing his back

wages.

23.     As a result of the under payments of wages alleged above, C&W and C&W SERVICES is indebted to Plaintiff the amount of the unpaid overtime compensation. Plaintiff propose to obtain the necessary records and information to determine the amount of the underpayment to Plaintiff by appropriate discovery proceedings to be promptly taken in this cause.

WHEREFORE, Plaintiff demands judgment awarding him all such legal and/or equitable relief that will effectuate the purpose of the Act including, but not limited, to back pay and prejudgment interest, liquidated damages, reasonable attorney fees, pursuant to the Act, 29 U.S.C. § 216 (b), along with court costs, witness fees and other miscellaneous costs of the litigation, and any other relief that this court finds will reasonable under the circumstances.

## JURY DEMAND

LALLEMAND demands trial by jury on all issues so triable.

Respectfully submitted,

GARY A. COSTALES, P.A.
1200 Brickell Avenue, Suite 1440
Miami, Florida 33131
(305) 375-9510 Ext. 314
(305) 375-9511 (facsimile)

/s Gary A. Costales
Gary A. Costales, Esq.
Florida Bar No. 0948829